UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOUGLAS MARSHALL JACKSON,

    Plaintiff,

v.                                                Case No. 4:23-cv-437-MW/MJF

RICKY D. DIXON, *et al.*,

    Defendants.
                                       /

## SECOND REPORT AND RECOMMENDATION

On June 13, 2024, the undersigned issued a Report and Recommendation in which the undersigned recommended dismissal of this action. Doc. 45. On June 20, 2024, the clerk of the court received Plaintiff's response to the undersigned's order to show cause of May 15, 2024. Doc. 46. Because the undersigned did not have the benefit of Plaintiff's response when drafting the R&R of June 13, 2024, the undersigned withdraws that R&R and instead submits this Second R&R.

Because Plaintiff failed to comply with a court order, failed to comply with the Local Rules, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

## I. BACKGROUND

On October 19, 2023, the undersigned ordered Plaintiff to file an amended complaint on the form approved for use in the Northern District of Florida. Doc. 16. The undersigned imposed a compliance deadline of November 18, 2023, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 3.

On November 3, 2023, Plaintiff filed a first amended complaint, Doc. 27. Among other defects, Plaintiff completely omitted Plaintiff's litigation history.[1] *Id.* at 20.

On December 8, 2023, the undersigned ordered Plaintiff to file a second amended complaint. Doc. 34. The undersigned imposed a compliance deadline of December 22, 2023, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal

---

[1] Plaintiff responded that because he paid the filing fee, the section of the complaint requiring Plaintiff to list his litigation "does NOT APPLY . . . ." Doc. 27 at 20. This is incorrect. The Local Rules require Plaintiff to disclose his litigation history. *See* N.D. Fla. Loc. R. 5.7(A); *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014); *see also In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989) (noting that courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration.").

of this action. *Id.* at 4, 5. Additionally, the undersigned explained in detail the defects in Plaintiff's first amended complaint. *Id.* at 3–4.

On March 4, 2024, after the undersigned granted Plaintiff two extensions of time, Plaintiff filed a second amended complaint, Doc. 42. Among other defects, Plaintiff again failed to use the correct form and again completely omitted Plaintiff's litigation history.

On May 15, 2024, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of March 4, 2024. Doc. 44. The undersigned imposed a compliance deadline of May 29, 2024, and warned Plaintiff for a third time that the failure to comply likely would result in dismissal of this action. *Id.* at 1.

On June 20, 2024, the clerk of the court received a document entitled "Response to May 15, 2024 Order (# 44)," Doc. 46. Doc. 46. In it, Plaintiff contends that he complied with the undersigned's order of December 8, 2023, because Plaintiff filed a second amended complaint, two motions to transfer venue, and an inquiry to the clerk. *Id.* at 1–6.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty.*

*Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 41(b).

Here, the undersigned ordered Plaintiff to show cause for his failure to file a complaint on the form approved for use in the Northern District of Florida. Doc. 44; Doc. 33. Despite being granted an extension of time, Plaintiff has not done so. Nor has Plaintiff offered any excuse for his failure to comply with the Local Rules and his failure to prosecute his claim. The undersigned explained to Plaintiff—on October 19, 2023 and again on December 8, 2023—that Plaintiff must use the correct form. The clerk of the court twice sent to Plaintiff the correct form. *See* Doc. 16; Doc. 33. Plaintiff, however, has elected not to file an amended complaint on the correct form. Accordingly, Plaintiff has failed to show cause for his failure to comply with the undersigned's order of December 8, 2023, and dismissal of this civil action is appropriate.

### III. CONCLUSION

Because the undersigned did not have the benefit of Plaintiff's response when it entered the R&R of June 13, 2024, the undersigned **WITHDRAWS** that R&R, Doc. 45, and instead issues this Second R&R.

Because Plaintiff failed to comply with a court order, failed to comply with the Local Rules of this court, and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 21st day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**