# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DOUGLAS MARSHALL JACKSON,**

    *Plaintiff,*

**v.**                                                   **Case No.: 4:23cv437-MW/MJF**

**RICKY DIXON,** *et al.*,

    *Defendants.*

_____/

## ORDER VACATING PRIOR ORDER, CONSIDERING OBJECTIONS, AND ACCEPTING AND ADOPTING REPORT AND <u>RECOMMENDATION OVER PLAINTIFF'S OBJECTIONS</u>

This Court previously adopted the Magistrate Judge's report and recommendation. ECF No. 49. Now this Court has received objections from Plaintiff, ECF No. 53, a second motion to transfer this case, ECF No. 52, and a motion for an evidentiary hearing, ECF No. 51. Accordingly, both this Court's order accepting and adopting the report and recommendation, ECF No. 49, and the judgment, ECF No. 50, are due to be vacated.

This Court has considered, without hearing, the Magistrate Judge's Second Report and Recommendation, ECF No. 47,[1] and has also reviewed *de novo* Plaintiff's objections, ECF No. 53. The Magistrate Judge recommends that

---

[1] The Magistrate Judge withdrew his first Report and Recommendation and issued the subject Report and Recommendation to address Plaintiff's response, ECF No. 46.

Plaintiff's operative complaint be dismissed under Federal Rule of Civil Procedure 41(b) because Plaintiff failed to comply with orders from this Court. ECF No. 47 at 5. Specifically, the Magistrate Judge explains that he twice directed Plaintiff to file an amended complaint on this Court's form, yet Plaintiff failed to comply. *Id.* at 4.

This Court agrees that Plaintiff failed to comply with reasonable orders. Under Federal Rule of Civil Procedure 41(b), this Court may dismiss Plaintiff's case where he fails to comply with orders from this Court. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Here, the Magistrate Judge gave Plaintiff two chances to file an amended complaint on this Court's form, yet Plaintiff failed to comply. In his objections, Plaintiff explains that he did not file an amended complaint on this Court's form as ordered because he believes that his case should be transferred back to the Southern District of Florida. ECF No. 53 at 3. In Plaintiff's view, this Court lacks jurisdiction because venue is improper, so he *had* to use a Southern District of Florida form complaint rather than the form complaint for this Court. *See id.* at 4.

But Plaintiff's refusal to use this Court's form complaint as ordered is based on a faulty premise—that venue is improper in this Court and, as a result, it lacks jurisdiction. Plaintiff is wrong. Venue in this case is governed by 28 U.S.C. § 1391(d), which states in relevant part that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in

2

which the district is located." 28 U.S.C. 1391(d)(1). That's the case here. Based on the addresses listed for each Defendant in Plaintiff's second amended complaint, all Defendants reside in Florida. *See* ECF No. 42 at 2. And several of those Defendants reside in Tallahassee, which is part of this judicial district. *See id.* Accordingly, venue is proper in this Court under section 1391(d). And this Court has jurisdiction—a separate question from venue—under 28 U.S.C. § 1331 because Plaintiff's section 1983 suit raises a federal question.

This Court will not tolerate Plaintiff's refusal to follow reasonable orders. While Plaintiff may disagree with the Southern District of Florida's decision to transfer his case here, that does not mean that he gets to pick and choose which of *this Court's* orders he will follow. The acceptable means to challenge the venue transfer is to file a motion to change venue—which he has also done (twice). *See* ECF Nos. 43 and 52. Plaintiff does not get to set his own rules until he gets his way. Let this Court be clear. This Court decides the legal questions in this case—not Plaintiff. His open defiance of multiple orders from this Court because he disagrees with a separate legal decision merits dismissal without prejudice under Federal Rule of Civil Procedure 41(b).

Plaintiff's request for an evidentiary hearing is due to be denied. Plaintiff does not identify any cognizable basis for this Court to hold an evidentiary hearing, nor does he proffer any facts that would excuse his failure to follow this Court's orders.

Plaintiff's second petition for a transfer also fails. As set out above, venue is proper in this district—even under the facts of Plaintiff's second amended complaint. And on these facts, this Court declines to exercise its discretion to transfer this case back to the Southern District of Florida based on Plaintiff's recent amendment to his complaint where, as set out above, venue is still proper in this district. As Plaintiff himself acknowledges through his request in passing that this case be dismissed without prejudice, *see* ECF No. 52 at 5, he is free to refile this case in the Southern District of Florida.[2] Accordingly,

**IT IS ORDERED:**

1. The Clerk is **DIRECTED** to **VACATE** this (1) Court's order accepting and adopting the report and recommendation, ECF No. 49, and (2) the judgment, ECF No. 50.

2. The report and recommendation, ECF No. 47, is **accepted and adopted** as this Court's opinion.

3. Plaintiff's operative complaint, ECF No. 42, is **DISMISSED without prejudice**.

4. The Clerk shall enter judgment stating, "Plaintiff's operative complaint, ECF No. 42, is **DISMISSED without prejudice** under Federal Rule of

---

[2] This Court does not offer any opinion on whether Plaintiff could refile his second amended complaint in the Southern District of Florida under 28 U.S.C. § 1391.

Civil Procedure 41(b) for failure to comply with this Court's orders."

5. Plaintiff's "Petition to Transfer to Proper Venue," ECF No. 43, is **DENIED as moot**.

6. Plaintiff's motion for an evidentiary hearing, ECF No. 51, is **DENIED**.

7. Plaintiff's motion to transfer venue, ECF No. 52, is **DENIED**.

8. The Clerk shall close the file.

**SO ORDERED on July 12, 2024.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**